

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DWAYNE M. WOODSON, ) ) ) | |
| Petitioner, ) ) | |
| v. ) ) | No. 04 C 4733 |
| CHARLES L. HINSLEY, Warden, ) ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Dwayne M. Woodsen's ("Woodsen") "Emergency Motion For Temporary Restraining Order and Preliminary Injunction" ("injunction motion"). For the reasons stated below, we deny Woodsen's injunction motion.

## BACKGROUND

On July 19, 2004, Woodsen, a prisoner at the Menard Correctional Center

1

("Menard"), filed a petition for writ of *habeas corpus* with this court. Woodsen has since filed an injunction motion and argues that he has been denied access to this court. Specifically, Woodsen argues that certain agents of Menard have prevented him access to the law library and other legal resources, which has affected his ability to "prepare pleadings for filing" in this court. (Pet.'s Inj. Mot. 2). Woodsen requests that the court find the conduct of the agents at Menard unconstitutional and issue an injunction to rectify their conduct. (Pet.'s Inj. Mot. 3).

## DISCUSSION

A prisoner seeking an injunction, either through a temporary restraining order or a preliminary injunction, has the burden of establishing: 1) a likelihood of success on the merits, 2) that the movant has no adequate remedy at law, and 3) that the movant will suffer irreparable harm if the preliminary injunction request is not granted. *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 803-04 (7th Cir. 2002); *Ell Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 461 (7th Cir. 2000); *Dugan v. Briley* 2004 WL 783200, at *2 (N.D.Ill. 2004). If the movant meets the above burden, then the court must consider the potential irreparable harm to the non-movant if the court were to grant the preliminary injunction and the court must consider whether the preliminary injunction is in the best interest of the pubic. *AM General Corp.*, 311 F.3d at 803-04. If the court in assessing the likelihood of

success on the merits factor, determines that the plaintiff has a "greater than negligible chance of winning" then the court should turn to a "sliding scale" analysis and balance the likelihood of success and the potential harms caused by granting or not granting the injunction motion. *Id.*

A. Reasonable Likelihood of Success on the Merits

Respondent argues that there is not a likelihood that Woodsen will succeed on the merits of his claim. While it is well settled that prisoners have a "right of access" to the courts, such a right does not include "unfettered direct access to law libraries" at the prison. *See Smith v. Shawnee Library System,* 60 F.3d 317, 322 (7th Cir. 1995)(stating that "prison security is an important and legitimate consideration when setting regulations for access to prison libraries."). In order to establish that a violation of "right of access to the courts" exists, a prisoner must first prove that the "prison officials failed 'to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.' " *See Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir.1992)(quoting *Bounds v. Smith,* 430 U.S. 817, (1977)). In addition, the prisoner must establish "'some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation.'" *See id.*(quoting *Shango v. Jurich,*

3

965 F.2d 289 (7th Cir.1992)).

Woodsen has attached a declaration to his injunction motion in which he alleges that agents at Menard do not always respond to his requests for access to the Menard law library and other available legal resources. (Pet'r. Decl. 2-5). However, Woodsen's declaration also indicates that Woodsen has had access to Menard law library on a regular basis. (Pet'r. Decl. 2-5). Further, Woodsen admits that he receives assistance from prison law clerks and has had access to other legal resources at Menard. (Pet'r. Decl. 2-5). For example, Woodsen cites to numerous dates when he visited the Menard law library and explains that on one occasion a Menard paralegal assigned to the Menard law library personally visited him in his cell to assist him in an inquiry. (Pet'r. Decl. 3 ¶'s 11). Woodsen has failed to establish that Menard and its agents have impeded Woodsen's access to this court and we find that the evidence indicates that Woodsen has had "meaningful" access to this court. *See Smith*, 60 F.3d at 322 (explaining that prisoners are only entitled to "meaningful access" to the courts). Woodsen's own admissions rebut the allegations set forth in his injunction motion. Woodsen has failed to sufficiently establish that any Menard agents have violated his right of access to this court. *Jenkins*, 977 F.2d at 268. Therefore, we find that Woodsen has not shown that he will likely be able to succeed on the merits of a claim for right of access to the court.

### B. Adequate Remedy at Law

Respondent argues that if Woodsen's injunction is denied, Woodsen still has an adequate remedy at law available to him. Woodsen disagrees and argues that if we deny his injunction motion, he has no adequate remedy at law. Respondent notes that Woodsen is "not prevent[ed] from filing a [§] 1983 action." (Resp't Resp. 5). Woodsen has an adequate remedy at law because, pursuant to 42 U.S.C. § 1983, prisoners may bring a claim for right of access to the courts. *Smith*, 60 F.3d at 320. Accordingly, Woodsen's contention that he has no adequate remedy at law available to him is without merit.

### C. Public Interest

Whether the injunction is in the best interest of the pubic is a strong element that a court must weigh before denying or granting an injunction motion. *AM General Corp.*, 311 F.3d at 803-04. Woodsen argues that the public interest is not "served" by the conduct of the Menard agents. (Pet.'s Inj. Mem. 3). However, we found earlier that Woodsen has failed to establish that the conduct of Menard agents violated his right of access to this court, and we also find that Woodsen has failed to establish that an injunction would be in the best interest of the public.

As explained in the above analysis, Woodsen has failed to establish any of

the required elements for injunctive relief. Therefore, we deny Woodsen's injunction motion.

## CONCLUSION

Based on the foregoing analysis, we deny Woodsen's injunction motion.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 30, 2005