

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) <br> DWAYNE M. WOODSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CHARLES L. HINSLEY, Warden, ) <br> ) <br> Respondent. ) | No. 04 C 4733 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Respondent's motion to dismiss Petitioner Dwayne M. Woodson's ("Woodson") petition for writ of *habeas corpus*. For the reasons stated below, we grant Respondent's motion and dismiss Woodson's petition for writ of *habeas corpus* without prejudice.

## BACKGROUND

Woodson, a state prisoner, has filed a petition for writ of *habeas corpus* in this court and has indicated in his petition that he has not exhausted his state court

1

remedies and that he presently has a petition for post-conviction relief pending in the Illinois state courts. Woodson argues that his petition for post-conviction relief has been inordinately pending in the Illinois state courts for over eleven years and circumstances exist that warrant a finding that the Illinois state corrective process is ineffective, and that as a result he should be able to now proceed to federal *habeas* review. Woodson also alleges that his equal protection rights were violated because his own counsel was in a conspiracy with others to conceal favorable evidence in his case during his state collateral appeal proceedings. (Pet. 5). Respondent contends that Woodson's petition for writ of *habeas corpus* should be dismissed because Woodson's equal protection claim is not cognizable under *habeas* review and he has failed to exhaust his State court remedies. (Resp't Mot. 2; Reply 5-7).

## LEGAL STANDARD

A district court may entertain a *habeas corpus* petition from a "person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to 28 U.S.C. § 2254(b):

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the

rights of the applicant.

28 U.S.C. § 2254(b).

## DISCUSSION

I. Inordinate Delay Issue

Respondent contends that Woodson's petition for writ of *habeas corpus* should be dismissed without prejudice since he has failed to exhaust his state court remedies. Woodson argues that he should be excused from exhausting his state court remedies because the delay in the adjudication of his petition for post-conviction relief has been unjustified and because the Illinois state corrective process is ineffective.

While a petitioner bringing a petition for writ of *habeas corpus* is generally required to first exhaust his state court remedies, "[i]nordinate, unjustifiable delay in a state-court collateral proceeding excuses" such a requirement. *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). A delay of eleven years, as is this case here, in the adjudication of a petition for post-conviction relief in a state court is considered an "inordinate" delay. *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). However, where the record reveals that the inordinate delay was not unjustified and that such delay could not be attributed to the State for purposes of "rendering [its] state [corrective] process ineffective under § 2254(b)," the petitioner "must exhaust his state court remedies before bringing [his] habeas action to federal

3

court." *See id.* at 704(finding that the eleven-year delay in the adjudication of a petitioner's post-conviction relief did not render the state's corrective process ineffective or excuse the exhaustion requirement since the delay was partially caused by the petitioner and by the 'uninspired performance of his post-conviction counsel.").

Respondent argues that the delay in Woodson's collateral appeal proceedings was largely due to Woodsen and his counsel. Woodson blames the delay on his "own postconviction counsel," but claims that a hearing is warranted in order for him to prove that a "conspiracy" existed between his post-conviction counsel and others to delay his collateral appeal proceedings. (Pet'r Resp. 2, 6). However, Respondent attached to his motion to dismiss a certified statement from the Clerk of the Circuit Court of Cook County, containing docket entries from Woodson's collateral appeal proceedings in the Illinois State courts, which reflects that Woodson's prolonged collateral appeal proceedings are largely attributable to continuances either made by, or agreed to by, Woodson or his post-conviction counsel. (Resp't Mot. Ex. A). In Woodson's response to Respondent's motion to dismiss, Woodson failed to address the state court docket entries in the certified statement from the Clerk of the Circuit Court of Cook County. Woodson instead contended that the delay was caused by his counsel who was in a conspiracy with others. (Pet'r Resp. 2-7). First, Woodson's allegation of a conspiracy is unsubstantiated and speculative. Second, Woodson's allegation that the Illinois

State corrective process is ineffective is without merit inasmuch as the delays were largely caused by Woodson and therefore the delays cannot be attributed to the "state for purposes of rendering [Illinois'] state [corrective] process ineffective under § 2254(b)." *See Sceifers*, 46 F.3d at 703-04(stating that "errors of the public defender could not be attributed to the state" because a petitioner has "no constitutional right" to an attorney during state collateral proceedings.). Accordingly, a hearing in this matter is not warranted since Woodson has not disputed the state court docket entries in the certified statement from the Clerk of the Circuit Court of Cook County which clearly reveals that the delay was not unjustifiable. *Sceifers*, 46 F.3d at 703-04. Therefore, Woodson is not excused from exhausting his state court remedies before filing his petition for writ of *habeas corpus*. *Id*.

II. Equal Protection Claim

Woodson claims that he is entitled to *habeas* review because his equal protection rights have been violated due to a conspiracy by his counsel and others to conceal favorable evidence in his case. (Pet. 5). Respondent contends that Woodson's equal protection claim in his petition for writ of *habeas corpus* is not cognizable since Woodson has not claimed that the "state collateral review itself" violated Woodson's equal protection rights. (Resp't Reply 6).

The Seventh Circuit has stated that "federal habeas corpus review provides *"no relief* for errors in state collateral review." *Jackson,* 112 F.3d at 880(emphasis added). However, where the "the *state's conduct* in the collateral proceedings" violates a petitioner's equal protection rights, "habeas relief might be appropriate." *Jackson,* 112 F.3d at 880(quoting *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir. 1996)(emphasis added). Since Woodson has failed to sufficiently allege conduct on the part of the State of Illinois in violation of his equal protection rights during his collateral appeal proceedings, Woodson has failed to allege a cognizable equal protection claim. *Jackson,* 112 F.3d at 880. Therefore, we find that Woodson has failed to set forth a cognizable equal protection claim.

## CONCLUSION

Based on the foregoing analysis, we grant Respondent's motion and dismiss Woodson's petition for writ of *habeas corpus* without prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 21, 2005

6